UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DELRON MIMS and SHAREEF BROWN,<br><br>　　Plaintiffs<br><br>v.<br><br>SHENTEL KALAKAU and DOORDASH, INC.,<br><br>　　Defendants | Case No.: 2:24-cv-00342-APG-DJA<br><br>**Order (1) Graning Motion to Reconsider, (2) Rescinding Remand Order, and (3) Reopening Case**<br><br>[ECF No. 10] |

　　I previously remanded this case to the Nevada state court from which it was removed because I found that defendant Shentel Kalakau moved to Hawaii after the complaint was filed in state court, thereby defeating diversity jurisdiction. ECF No. 9. Defendant DoorDash, Inc. moves for reconsideration because I misstated the date on which Kalakau moved to Hawaii and that, in fact, she moved there before the plaintiffs filed their complaint. ECF No. 10 at 3.

　　"Reconsideration is appropriate if the district court . . . committed clear error or the initial decision was manifestly unjust . . . ." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Here, I committed clear error by holding that Kalakau moved to Hawaii after the complaint was filed. To the contrary, she moved to Hawaii approximately 11 months before the complaint was filed. Thus, complete diversity of citizenship existed when the complaint was filed and removed, so reconsideration is appropriate. Because this court has diversity jurisdiction over this case, remand was clear error.

　　The parties cite to various cases for the proposition that a court's remand order is generally not reviewable. ECF No. 10 at 4-5; ECF No. 12 at 3. But those cases address review

by the court of appeals, not reconsideration by the court that entered the clearly erroneous order. I should be able to correct my clear error.

Although the plaintiffs imply that Kalakau's move may not have been sufficient to satisfy diversity jurisdiction, at present there appears to be complete diversity. The plaintiffs may conduct jurisdictional discovery on that issue if they wish. Subject matter jurisdiction can be raised at any time, so if the plaintiffs discover facts calling into question the complete diversity of the parties, they may move for remand at that time.

I THEREFORE ORDER that DoorDash's motion for reconsideration **(ECF No. 10) is granted**.

I FURTHER ORDER that my prior order remanding this case to the state court **(ECF No. 9) is rescinded**.

I FURTHER ORDER the clerk of the court to reopen this case.

DATED this 16th day of May, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE