# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Delron D. Mims, an individual; and Shareef A. Brown, an individual | Case No. 2:24-cv-00342-APG-DJA |
| Plaintiffs, | **Order** |
| v. | |
| Shentel Kalakau, an individual; and Doordash, Inc., a foreign corporation; et al. | |
| Defendants. | |

This is a personal injury action arising out of a car accident. Plaintiff Delron D. Mims and Shareef A. Brown sue Defendant Shentel Kalakau and Defendant Doordash, Inc. for damages, alleging claims for negligence, negligence per se, respondeat superior, and negligent hiring and supervision. Kalakau moves to compel Brown to undergo a Federal Rule of Civil Procedure 35 examination with Dr. James Forage. (ECF No. 24). Kalakau explains that, despite two meet and confers, the parties cannot agree on five requirements for the exam that Brown's counsel has demanded.

Because the Court finds that Kalakau has demonstrated good cause for the Rule 35 exam, the Court grants her motion to compel it. Because the Court finds that the proposed limitations over which the parties disagree are not necessary, the Court declines to impose those limitations. Because the Court's order setting a Rule 35 examination must specify the time, place, manner, conditions, and scope of the examination, the Court will require the parties to meet and confer and submit a stipulation for the examination outlining these items.

**I.     Background.**

Kalakau argues that there is good cause to order an examination given Brown's claimed past medical treatment totaling hundreds of thousands of dollars and future medical treatment in the form of a lumbar disc replacement totaling over $500,000. (ECF No. 24). Kalakau also

argues that Brown's demands are unnecessary and attempt to prematurely limit the examination. Brown's demands include the following limitations:

- The doctor's opinions are limited to only the areas of his specialty and only the areas of Plaintiff's current complaints, both of which must be specifically delineated in the order.
- The doctor will not offer any secondary gain, malingering or veracity opinions.
- The doctor will not offer any opinions as to criticisms of any of the Plaintiff's treatment because it was on a lien.
- The exam does not go longer than one hour.
- The exam must not be referred to as independent in any report or at trial but may be referred to as a Rule 35 exam or a defense medical exam.

Kalakau adds that, if Brown has any concerns with Dr. Forage's questions or findings, the proper way to handle those concerns would be through a motion in limine seeking to limit the admissibility of Dr. Forage's findings. In a separate section, Kalakau outlines the proposed place, manner, and scope of the examination. Kalakau does not set out the proposed time of the examination, which is reasonable given the fact that she is awaiting the Court's ruling on the motion.

Brown argues that a Rule 35 examination is not necessary at all because he has provided Kalakau with his medical records, answers to interrogatories, and deposition testimony and because Kalakau failed to show why these less intrusive means of obtaining the information she seeks is not sufficient. (ECF No. 27). Brown dedicates most of his motion to asserting, without addressing the points in Kalakau's motion, that Kalakau "made no effort to set forth the manner and scope of the exam." Brown also brings up Nevada Assembly Bill 244 and Nevada Revised Statute ("NRS") § 629.620 without explanation and argues that "good cause exists for recording and an observer," although Kalakau did not bring this up in her motion. In addressing Kalakau's arguments regarding Brown's proposed parameters, Brown addresses only the parameters limiting the examination to specific body parts and complaints; opining regarding secondary gain, malingering, or veracity; opining regarding Brown's treatment being on a lien; and referring to

the exam as "independent." Brown does not address the remaining parameter regarding the length of the exam, instead simply reiterating his condition that the exam be limited to one hour.

In reply, Kalakau argues that there is good cause for the Rule 35 exam because of the extent Brown is claiming in damages, particularly in future damages for a surgery. (ECF No. 28). Kalakau asserts that she should be able to engage a physician to evaluate Brown's pre-procedure symptomology and to independently verify whether Brown meets the criteria for the surgery. Kalakau also argues that, because most, if not all, of Brown's treatment has been on an attorney's lien, "[t]his gives Mr. Brown's treating physicians a clear financial interest in the outcome of this case and render[s] them inherently biased," so an exam is necessary. Kalakau also points out that her motion set out the place, manner, and scope of the examination, contrary to Brown's argument. Kalakau argues that Brown has only meaningfully addressed three of the five parameters over which the parties disagree. Regarding Brown's arguments about AB 244 and NRS § 629.620, Kalakau points out that the parties already *agreed* on Brown's assertion that he is entitled to have an observer under AB 244 and NRS § 629.620.

**II.    Discussion.**

    ***A.    Whether Kalakau has demonstrated that a Rule 35 examination is necessary.***

Federal Rule of Civil Procedure 35 provides that the court "may order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). Unlike reports for testifying experts under Rule 26(a)(2), which must be served on the opposing party at the time of the expert disclosure, Rule 35 reports are not required to be produced by the moving party unless requested by the opposing party or the person examined. Fed. R. Civ. P. 35(b)(1). The examiner's report must "set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests." Fed. R. Civ. P. 35(b)(2).

In *Schlagenhauf v. Holder*, the Supreme Court established standards for district courts deciding whether to compel a Rule 35 examination. *Schlagenhauf v. Holder*, 379 U.S. 104 (1964). The *Schlagenhauf* Court explained that Rule 35's "in controversy" and "good cause" requirements are not met by "mere conclusory allegations of the pleadings -- nor by mere relevance to the case -- but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Id.* at 118; *see also Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995) (citing *Schlagenhauf*). However, the *Schlagenhauf* Court further explained that "there are situations where the pleadings alone are sufficient to meet these requirements." *Schlagenhauf*, 379 U.S. at 119. For example, a plaintiff "who asserts mental or physical injury ... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.*

Here, Kalakau has shown that a Rule 35 exam is warranted. Brown has put his physical state in controversy because he has alleged physical injury and emotional distress arising out of the car accident. Because Brown has put his physical state in controversy, Kalakau has good cause for the examination to determine the existence and extent of Brown's injuries.

### B.     Whether the Court will impose Brown's proposed limitations.

The Court declines to impose Brown's proposed limitations. "Because the…examination provides one of the few opportunities for a defendant to have access to a plaintiff, and the only opportunity for a defendant to have a plaintiff examined by a defendant's expert, some preference should be given to allowing the examiner to exercise discretion in the manner and means by which the examination is conducted, provided it is not an improper examination." *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609 (C.D. Cal. 1995). "If the examination is improper, it may be excluded at trial." *Id.* at 609 n.5 (citing 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure*, § 2236 (2d ed. 1994)).

Here, Brown has not shown why any specific limitations on the examination should be imposed. There is no reason to believe that Dr. Forager will not act professionally or will subject

Brown to unnecessary testing or inquiry. And, if he did, Brown may always seek to exclude Dr. Forage's opinions at trial.

So, the Court grants Kalakau's motion to compel a Rule 35 exam without the limitations proposed by Brown. Because Kalakau's motion does not include a proposed time for the exam, and because the Court's order must include it, the Court will not enter an order setting the exam here. Instead, the Court will require the parties to meet and confer and submit a stipulation including the proposed time, place, manner, conditions, and scope of the examination.

**IT IS THEREFORE ORDERED** that Kalakau's motion to compel a Rule 35 exam (ECF No. 24) is **granted.** The parties must meet and confer and submit a stipulation including the proposed time, place, manner, conditions, and scope of the examination as well as the person or persons who will perform it as required by Federal Rule of Civil Procedure 35(a)(2)(B).

DATED: April 9, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE